UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BENJAMIN MADRIGAL-BIRRUETA (1),<br>　　　aka "Mr. T",<br>　　　aka "Tony",<br><br>　　　　　　Defendant. | Case No.  23CR1684-DMS<br><br>PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Second Superseding Indictment the United States sought forfeiture of all right, title and interest in all properties of Defendant BENJAMIN MADRIGAL-BIRRUETA, aka "Mr. T", aka "Tony" ("Defendant"), pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), as property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the violations and as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations of Title 21, United States Code, Section 848(e), as set forth in Counts 4 and 5 of the Second Superseding Indictment; and pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c) as firearms and ammunition involved in the violations of Title 21, United States Code, Sections 848(e) and Title 18, United States Code, Sections

1111 and 1841, as set forth in Counts 4, 5, and 9 of the Second Superseding Indictment; and,

WHEREAS, on or about September 22, 2025, Defendant pled guilty before District Judge Dana M. Sabraw to Counts 4, 5 and 9 of the Second Superseding Indictment, consented to the forfeiture allegations of the Second Superseding Indictment, and agreed pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), and Title 28, United States Code, Section 2461(c) to forfeit all property seized in connection with this case including, but not limited to, the following:

1. Marlin .22 Rifle S/N: N/A;
2. Black AR-15 S/N: N/A;
3. AR-15 Rifle- Model: FC-1135, S/N: N/A;
4. M9 Beretta 9MM S/N:A55Y9346487-65490;
5. TP9 Canik 9MM Caliber Handgun S/N: T6472-20BN07376;
6. Anderson Manufacturing, AM-15 Pistol S/N:21195799;
7. Keltec .22 Caliber AR-15 Rifle S/N:Y6F40;
8. Jericho Handgun S/N:IIM;
9. Keltec P32 Cal: 32, Pistol S/N:D5z92;
10. Springfield Saint AR-15 Rifle S/N:st145582;
11. Ruger AR-15 Rifle S/N:854-21779;
12. Palmetto State Armory AR-15 Rifle S/N:SCD074275;
13. Palmetto State Armory AR-15 Rifle S/N:SCD926209;
14. Highpoint .40 Caliber Handgun S/N:X764525;
15. Remington 770 Blot Action Rifle S/N:M717S1593;
16. 9MM Caliber Beretta Handgun S/N: M9-186156;
17. Palmetto State Armory AR-15 Rifle S/N: SBC921173;
18. Marlin .22 Caliber Rifle S/N:19460421;
19. Anderson AR-15 Rifle S/N:18311594;

20. ROMARM/CUGIR; Model: Wasr-10 AK-47 S/N:A1-41953-15 RO;

21. SKS Rifle S/N:24001486A;

22. Savaqe Model 110 Rifle S/N: N676676;

23. Romania Ak-47 S/N:S1319292000;

24. Norinco, SKS, S/N:0148712126;

25. Christensen Arms Rifle Model 14, S/N: CV08083;

26. Smith and Wesson .22 Caliber Revolver S/N:1K4835;

27. Ruger 5.56 Caliber AR-15 Rifle S/N:85036634;

28. Bersa .380 Caliber Handgun S/N:E13804;

29. F Llipitta Revolver S/N:R286S85;

30. Savage Arms .22 Caliber Rifle S/N:1749070;

31. DPMS AR-15 Rifle S/N: F291974;

32. Guntect USA AR-15 Rifle S/N: N/A;

33. High Point .40 Caliber Rifle S/N:H38833;

34. Norinco 5.56 Caliber Rifle S/N:9304507;

35. Arcangel Modified Kit 5.56 Caliber Rifle S/N:N/A;

36. Marlin .22 Caliber Rifle S/N:H8911;

37. Savage Shotgun, Model: 311E, Cal: 12, S/N:A444968;

38. Anderson Rifle S/N:21185075;

39. Faissi Shotgun S/N: N/A;

40. Glock 19X Pistol S/N:BUC468;

41. Five-Seven 5.7X28 Pistol S/N:3864128809;

42. Glock 23 Pistol S/N:YFB366;

43. Polymer 80 9mm Pistol equipped with an attached silencer S/N: N/A;

44. AMT .50 Caliber Pistol S/N:350-3000;

45. Taurus 9mm Pistol S/N:TJN10926;

46. Harrington and Richardson .22 Caliber Rifle S/N:AM229811;

47. KE Arms AR-15 Rifle .223 Caliber S/N:KM07564;

48. Winchester Model 290 .22 Caliber Rifle S/N:DB963467;

49. Ruger 10-22 Rifle .22 Caliber S/N:240-16829; and

WHEREAS, on September 22, 2025, this Court accepted the guilty pleas of Defendant; and

WHEREAS, by virtue of the facts set forth in the plea agreement and financial addendum, the Court finds that the United States has established the requisite nexus between the firearms and the offenses; and,

WHEREAS, by virtue of said guilty pleas, the United States is now entitled to possession of the above- referenced firearms, pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), Title 28, United States Code, Section 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and,

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the above-referenced firearms which are hereby found forfeitable by the Court; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      Based upon the guilty pleas of the Defendant to Counts 4, 5, and 9 of the Second Superseding Indictment, the United States is hereby authorized to take custody and control of the firearms, and all right, title and interest of Defendant BENJAMIN MADRIGAL-BIRRUETA, aka "Mr. T", aka "Tony" in the following firearms is hereby forfeited to the United States pursuant to Title 18, United States Code, Section 924(d)(1), Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), and Title 28, United States Code, Section 2461(c) for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

1. Marlin .22 Rifle S/N: N/A;

2. Black AR-15 S/N: N/A;

3. AR-15 Rifle- Model: FC-1135, S/N: N/A;

4. M9 Beretta 9MM S/N:A55Y9346487-65490;

5. TP9 Canik 9MM Caliber Handgun S/N: T6472-20BN07376;

6. Anderson Manufacturing, AM-15 Pistol S/N:21195799;

7. Keltec .22 Caliber AR-15 Rifle S/N:Y6F40;

8. Jericho Handgun S/N:IIM;

9. Keltec P32 Cal: 32 Pistol S/N:D5z92;

10. Springfield Saint AR-15 Rifle S/N:st145582;

11. Ruger AR-15 Rifle S/N:854-21779;

12. Palmetto State Armory AR-15 Rifle S/N:SCD074275;

13. Palmetto State Armory AR-15 Rifle S/N:SCD926209;

14. Highpoint .40 Caliber Handgun S/N:X764525;

15. Remington 770 Blot Action Rifle S/N:M717S1593;

16. 9MM Caliber Beretta Handgun S/N: M9-186156;

17. Palmetto State Armory AR-15 Rifle S/N: SBC921173;

18. Marlin .22 Caliber Rifle S/N:19460421;

19. Anderson AR-15 Rifle S/N:18311594;

20. ROMARM/CUGIR; Model: Wasr-10 AK-47 S/N:A1-41953-15 RO;

21. SKS Rifle S/N:24001486A;

22. Savage Model 110 Rifle S/N: N676676;

23. Romania Ak-47 S/N:S1319292000;

24. Norinco, SKS, S/N:0148712126;

25. Christensen Arms Rifle Model 14, S/N: CV08083;

26. Smith and Wesson .22 Caliber Revolver S/N:1K4835;

27. Ruger 5.56 Caliber AR-15 Rifle S/N:85036634;

28. Bersa .380 Caliber Handgun S/N:E13804;

29. F Llipitta Revolver S/N:R286S85;

30. Savage Arms .22 Caliber Rifle S/N:1749070;

31. DPMS AR-15 Rifle S/N:291974;

32. Guntect USA AR-15 Rifle S/N: N/A;

33. High Point .40 Caliber Rifle S/N:H38833;

34. Norinco 5.56 Caliber Rifle S/N:9304507;

35. Arcangel Modified Kit 5.56 Caliber Rifle S/N:N/A;

36. Marlin .22 Caliber Rifle S/N:H8911;

37. Savage Shotgun, Model: 311E, Cal: 12, S/N:A444968;

38. Anderson Rifle S/N:21185075;

39. Faissi Shotgun S/N: N/A;

40. Glock 19X Pistol S/N:BUC468;

41. Five-Seven 5.7X28 Pistol S/N:3864128809;

42. Glock 23 Pistol S/N:YFB366;

43. Polymer 80 9mm Pistol equipped with an attached silencer S/N: N/A;

44. AMT .50 Caliber Pistol S/N:350-3000;

45. Taurus 9mm Pistol S/N:TJN10926;

46. Harrington and Richardson .22 Caliber Rifle S/N:AM229811;

47. KE Arms AR-15 Rifle .223 Caliber S/N:KM07564;

48. Winchester Model 290 .22 Caliber Rifle S/N:DB963467; and

49. Ruger 10-22 Rifle .22 Caliber S/N:240-16829.

2.     The aforementioned forfeited assets are to be held by the Bureau of Alcohol, Tobacco, Firearms and Explosives in its secure custody and control.

3.     Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.  The Court shall conduct ancillary proceedings as the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States.  The Court may determine any petition without the need for further hearings upon the receipt of the Government's

response to any petition.  The Court may enter an amended order without further notice to the parties.

4.      Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the firearms in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited firearms must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.      This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the firearms, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited firearms and any additional facts supporting the petitioner's claim and the relief sought.

6.      The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7.      Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

//

//

//

//

8. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

DATED: May 26, 2026

_____
Honorable Dana M. Sabraw
United States District Judge